# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY LYN PIERCE,<br><br>Defendant. | Case No. CR-09-024-RAW |

## ORDER

Before the court is Peggy Rogers' application for taxes, interest and expenses [Docket Nos. 303 and 305]. On May 24, 2011, the court entered an Order allowing the Government to recover the property at issue and ordering the Government to pay the $49,000.00 lien and any prorated property taxes paid by Dorothy and/or Peggy Rogers from August 4, 2008 to the present. The court reserved its judgment as to interest and bills paid on the property from August 4, 2008 to the present until it received further information from the parties.

In her application, Peggy Rogers requests: (a) $1776.00 in taxes; (b) $2,018.98 in insurance premiums; (c) $1,964.22 in water bills; (d) $2,530.46 in electric bills; (e) $24,255.00 in interest; and (f) $8,500.00 in legal expenses. In its response, the Government argues that Peggy Rogers should receive $1,293.89 in real estate taxes, but nothing else that she requests. Peggy Rogers did not file a reply.

TAXES

Peggy Rogers claims taxes in the amounts of $619.00 for 2008, $619.00 for 2009, and $538.00 for 2010. She includes receipts totaling $538.00 for real estate taxes paid in 2008, $538.00 for real estate taxes paid in 2009, $162.00 for personal taxes paid in 2009, and $538.00 for real estate taxes paid in 2010. As the Government argues, Peggy Rogers is not entitled to real estate taxes paid before the sale to Defendant, which occurred on August 4, 2008. By the court's calculation, she is entitled to $220.49 in real estate taxes for 2008.* She is also entitled to $538.00 for 2009 and $538.00 for 2010. From the proceeds of the sale of the property at issue, the Government shall pay a total of $1296.49 to Peggy Rogers for real estate taxes. The court agrees that she is not entitled to recover for personal taxes.

INSURANCE, UTILITIES, INTEREST & ATTORNEY FEES

For the reasons stated in the Government's response, the court also agrees that Peggy Rogers is not entitled to reimbursement of any insurance premiums or utility bills paid. With regard to interest on the sum of $49,000.00, as Peggy Rogers has pointed out herself, the contract for sale was an oral one. There is no indication, and Ms. Rogers has provided no proof, that the parties ever intended interest to accrue on the remaining amount owed. Moreover, the United States has immunity from interest awards absent express congressional consent. United States v. Nolasco, 354 Fed.Appx.676, 681-82 (3rd Cir. 2009). Peggy Rogers is not entitled to interest. Peggy Rogers is also not entitled to attorneys' fees. Id. at 679-81.

---

*Including August 4, 2008, Peggy Rogers is entitled to be reimbursed for real estate taxes paid for 150 days in 2008. 2008 was a leap year, so $538 / 366 x 150 = approximately $220.49.

CONCLUSION

The application [Docket Nos.303 and 305] is hereby GRANTED in part and DENIED in part. Out of the proceeds of the sale of the property at issue, the Government shall pay to Peggy Rogers $1296.49 in real estate taxes. Peggy Rogers is not entitled to recover for insurance premiums, utilities, interest or legal expenses.

The Government shall submit to the court a proposed Final Order of Forfeiture as to Jeffrey Lyn Pierce consistent with this Order, the May 24, 2011 Order, and the January 10, 2011 Order no later than September 9, 2011.

It is so ORDERED this 16th day of August, 2011.

**Dated this 16th day of August, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma